■ ANNA SHIEK, as Administratrix of the Estate of CHARLES SHIEK, Deceased, Respondent, v. MARY M. CARY, Appellant and Third-Party Plaintiff-Appellant. LOUIS SEFTEL et al., Copartners Doing Business under the Name of ALBANY WINDOW CLEANING COMPANY, Third-Party Defendants-Respondents. EDNA BATCHER, Plaintiff, v. MARY M. CARY et al., Defendants.— Appeal by defendant and third-party plaintiff, Mary M. Cary, from an order of the Supreme Court, entered in Albany County, denying her motion to vacate a notice of examination before trial, and for a modification of said order. Charles Shiek, a window cleaner employed by the copartnership known as Albany Window Cleaning Company, fell from the sixth floor of a building owned by Mary M. Cary, and was killed. The administratrix brings this action to recover damages for his death, alleging both a violation of the Labor Law with relation to safety anchors and common-law negligence. The accident happened on May 8, 1952. Mary M. Cary brought a third-party action against decedent's employers. Edna Batcher, a pedestrian alleged to have been struck by the falling body, brings an action against Mary M. Cary and decedent's employers. The actions have been consolidated and two trials have already been commenced each resulting in a mistrial. Following the second mistrial, plaintiff administratrix served a notice of examination before trial of Mary M. Cary by her agents John J. Conway and Edward S. Conway, and also requiring the production of certain books and papers. Defendant and third-party plaintiff moved to vacate the notice on the ground that the examination is not necessary and material and that, in any event, it is too broad. From the order denying such motion this appeal is taken. Some of the matters with which the court below was concerned are eliminated on this appeal. It is now conceded, for the purposes of the examination before trial only, that Edward S. Conway was the agent of Mary M. Cary. The only issue urged upon the appeal is whether the examination *in toto* or in part is necessary and material. We think the plaintiff is entitled to the examination in part. By admitting in her answer allegations of the complaint that she was the "owner" of the building in question and that she or her agents "maintained, operated and controlled" the same, the issue of control has been eliminated. Moreover, by written notice to plaintiff's attorneys the defendant third-party plaintiff has admitted ownership and control of the building and the window anchors affixed to the windows, and again stipulates thereto upon the argument of this appeal. Item 1 of the notice provides for production of any "Lease, Agreement, or any other writing or writings referring to the leasing of the premises on the sixth floor of the building, No. 50 State Street, Albany, N. Y. to the United Press, for and during the years 1951 and 1952." It being conceded that the building was a public building and with no issue of control, this item is not material or necessary. Items 2 to 6 inclusive all deal with documents which might have a bearing on notice to window cleaners to use a belt with special terminals in compliance with the Industrial Code and a variance granted to Mary M. Cary. Those items are proper items for examination except that the documents required by Items 5 and 6 should be limited to those posted or received prior to the date of the accident, May 8, 1952. Anything subsequent thereto would be material only on the issue of control, which is not in this case. Order modified by striking from the notice of examination Item 1, and by limiting Items 5 and 6 to matters prior to May 8, 1952, and as so modified is affirmed, without costs. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.